Argued January 6; decided April 5, 1897.

## COOS BAY R. R. CO. v. DIXON.
(48 Pac. 360.)

CONSTRUCTION OF CONTRACT—RAILROAD SUBSIDY.—Where a subsidy subscription to a railroad company provided that one installment should be paid when the first ten miles were graded, a second when the rails were laid thereon, a third and fourth, respectively, when the second ten miles were graded, and when the rails were laid, and the balance when the road was finished to a given point, which the company stipulated should be by a specified date, a right of action to recover the first installment accrued when the first ten miles were graded, and was not lost by a subsequent failure to complete the line to the required place within the stipulated time. The completion of the road to the designated terminus and the payment of the last installment were to be concurrent, and must be construed as mutual and dependent covenants; but it is otherwise as to the four prior installments, which are dependent only on the completion of the designated sections of the road: *Coos Bay R. R. Co. v. Nosler*, 30 Or. 547, approved and followed.

From Coos:  J. C. FULLERTON, Judge.

Action by the Coos Bay, Roseburg & Eastern Railroad & Navigation Company to recover from W. L. Dixon certain sums by him subscribed toward building the line of plaintiff's road. From a judgment against it, the company appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. J. W. Hamilton.*

For respondent there was a brief and an oral argument by *Mr. S. H. Hazard.*

Opinion by Mr. Justice Wolverton.

This is an action to recover of defendant the sum of $1,500 upon a subsidy agreement. The case was tried before the court without the intervention of a jury, and the facts necessary to a determination of the questions involved are stated in its findings. They are as follows, omitting such as do not seem pertinent for an understanding of the situation:

"Second—That on the —— day of May, 1890, the defendant entered into a written contract with the plaintiff in words and figures as follows, to wit: 'We, the undersigned, hereby agree to pay to the Coos Bay, Roseburg & Eastern Railroad Company the sums set opposite our names, respectively, to wit: Twenty-five per cent. when the first ten miles of said railroad is graded, commencing at or near Marshfield, Coos County, Oregon, and running eastward towards Roseburg, and via Coquille City and Myrtle Point; twenty per cent. when the rails are laid on the first ten miles; twenty-five per cent. when the second ten miles are graded; twenty per cent. when the rails are laid on the second ten miles; and the balance when the road is completed to Myrtle Point, Oregon. As a consideration for the following subscription, the said railroad company will maintain a depot within the corporate limits of Myrtle Point, Oregon. Said road to be finished to Myrtle Point, Oregon, by January 1, 1891, and to Roseburg by December 31, 1891.' Defendant subscribed said contract, and wrote after his name $1,500. * * * Third—That on or about the 15th day of July, 1890, the said defendant signed and executed an additional writing, as follows: 'We, the

undersigned, subscribers to the subsidy of the Roseburg & Coos Bay Railroad Company, hereby agree to extend the time of the completion of said road from Coos Bay to Myrtle Point from January 1, 1891, to May 1, 1891. All other conditions of the contract signed by us to remain unchanged.' Fourth—That work in construction of said road was commenced in the month of August, 1890, at Marshfield, and the first ten miles thereof graded about the 1st of February, 1891. Fifth—That the said railroad was graded to Myrtle Point, and the rails laid thereon, in the month of August, 1893, and the road completed to that point at said date. Sixth—That said railroad has not been constructed to Roseburg, and no work has been done on the construction thereof eastward from Myrtle Point. Eighth—That defendant has not paid any part or installment of the amount subscribed." As a conclusion of law, the court found: "That plaintiff was in default in the performance of the contract in the complaint set out at the time this action was commenced, and therefore cannot maintain the action." A judgment of dismissal was entered, and plaintiff appeals.

The agreement which forms the basis of this action is much the same as the one sued on in *Coos Bay R. R. Co.* v. *Nosler*, 30 Or. 547 (48 Pac. 361), just decided, and the interpretation of each is governed by the same rules. Hence we shall simply make a brief statement of our interpretation of this agreement without a discussion of the rules, and in support thereof we cite the Nosler case. Under the agreement in the case at bar, like the Nosler agreement, it was no doubt within the contemplation of the parties that payment of the subsidy should and would be made in five installments, and that four of them might become due and payable prior to the completion of the road to Myrtle Point. The completion of the road to Myrtle Point and the payment of the last installment

were to be concurrent events, and are, therefore, to be construed as mutual and dependent covenants; but the agreement to pay the four prior installments must be construed as independent covenants, dependent only upon the plaintiff's completing the designated sections of the road, because by the terms of the agreement the defendant might have been required to pay all of them before the final completion of the road to Myrtle Point. The stipulations of the agreement require the road to be completed to Myrtle Point by May 1, 1891, and to Roseburg December 31, 1891. The time of completion to these points must be regarded as material, because it was so stipulated by the parties from the first, and afterwards so treated as evidenced by the modified agreement. Plaintiff could not recover upon the mutual and dependent covenant, because it failed to complete the road to Myrtle Point within the time named, and was therefore in default. But it had graded the first ten miles of the road prior to May 1, to wit: on or about February 1, 1891, thereby earning twenty-five per cent. of the subsidy, and for this amount its right of action was complete on the day it finished the grade upon the undertaking of the defendant to pay at that time. This right of action continued unabated, notwithstanding the plaintiff afterwards made default in completing the road to Myrtle Point and Roseburg within the time stipulated. Those are conditions subsequent, as respects the right of action for the first installment, and nothing less than a failure of consideration could defeat the action, and this is not insisted upon by the defendant. So that, under the findings of fact, the conclusion of law that the action could not be maintained is erroneous. The plaintiff is, therefore, entitled to recover of defendant the sum of $375, and legal interest thereon from February 1, 1891. It follows that the judgment must be reversed, and the cause remanded

to the court below with directions to enter judgment for plaintiff, in accordance with this opinion.

Reversed.

Decided at Pendleton July 31, 1897.